UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN LAUNIKITIS,

    Plaintiff,

v.                                                                           Case No.: 8:24-cv-2409-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The plaintiff Stephen Launikitis moves unopposed for an award of $3,210.96 in attorney's fees and $400.00 in filing costs as the prevailing party under the Equal Access of Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 19. Shortly after Launikitis filed his opening brief, the Commissioner moved unopposed to remand this action under sentence four of 42 U.S.C. § 405(g). Doc. 15. An order granted that motion, and the Clerk entered a judgement in favor of Launikitis and against the Commissioner. Docs. 16-17.

As the prevailing party, Launikitis timely[1] moves for an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S.

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). Here, Launikitis timely filed his application for fees on May 6, 2025, Doc. 19, seventy days after judgment. Docs. 17, 19. *See also* Fed. R. Civ. P. 6(a)(1)(C).

292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, Fed. R. Civ. P. 58(c)(2)(B). Launikitis also seeks an award of $400.00 for filing costs, which are compensable under the EAJA. 28 U.S.C. § 2412(a)(1) & (d)(1)(A). After an order awarding EAJA fees, the United States Department of the Treasury determines whether Launikitis owes a debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government."). Absent a federal debt, the government will accept Launikitis's assignment of EAJA fees and pay the fees directly to his counsel.

The Commissioner consents to the requested relief. Additionally, Launikitis's counsel files an affidavit in support of the motion and an itemized billing statement. Docs. 19 at 5-7, 19-1. For the reasons stated by Launikitis, the unopposed motion, Doc. 19, is **GRANTED**. Launikitis shall receive $3,210.96 in attorney's fees and $400.00 in costs under the EAJA. Unless the Department of Treasury determines that Launikitis owes a federal debt, the defendant must pay the fees to his counsel in accord with Launikitis's assignment of fees. Doc. 19-2.

**ORDERED** on this 14th day of May, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge